**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ZAID ABDUL WAKIL, AKA Alvin Boatright,<br><br>Defendant-Appellant. | No. 15-50380<br><br>D.C. No.<br>2:12-cr-00527-GW-12<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted October 4, 2017
Pasadena, California

Before: KLEINFELD, GRABER, and CHRISTEN, Circuit Judges.

Zaid Wakil appeals his jury conviction for conspiracy to possess with intent

to distribute cocaine in violation of 21 U.S.C. § 846, and three counts of possession

with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.  Wakil did not knowingly and intelligently waive his right to counsel because the district court failed to ensure that he understood the possible penalties he faced.  *See United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004) (setting forth the conditions that need to be met in order for a *Faretta* waiver to be deemed valid).

2.  Contrary to the government's suggestion, remand is inappropriate.  In limited circumstances, we may remand if "the record suggests that there is additional evidence available about the adequacy of a waiver."  *United States v. Kimmel,* 672 F.2d 720, 722 (9th Cir. 1982).  But remand is the exception, not the rule, and it is not appropriate here because nothing in the record suggests that there are undiscovered facts showing that Wakil was aware of the possible penalties at the time of his waiver.  We therefore reverse the district court's judgment and remand for a new trial.

3.  It is unnecessary to reach Wakil's remaining claims in light of the disposition of this case.

**REVERSED and REMANDED**.